UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>HUMBERTO LOZANO VALDOBINOS,<br><br>Defendant. | CASE NO. CR04-145C<br><br>ORDER |

This matter comes before the Court as a result of a limited remand of the Ninth Circuit Court of Appeals (Memorandum, No. 04-30411), ordered on October 21, 2005 pursuant to *United States v. Ameline*, 409 F.3d 1073 (9th Cir. 2005) (en banc) and *United States v. Moreno-Hernandez*, 419 F.3d 906, 916 (9th Cir. 2005) (extending *Ameline*'s limited remand procedure to cases involving non-constitutional *Booker* error—*see United States v. Booker*, 125 S. Ct. 738 (2005)).

In accord with the limited remand procedures adopted in *Ameline*, the parties have submitted supplemental pleadings addressing the sole question of whether the Court's sentencing decision would have been "materially different" had the Court known that the Sentencing Guidelines were advisory. 409 F.3d at 1079. The burden of proof is on Defendant to prove the positive of the stated proposition, and the Court assumes that the burden is by a preponderance of the evidence.

ORDER – 1

On review of the aforementioned supplemental pleadings, the presentence investigation and report, the original sentencing memoranda, the transcript of the sentencing hearing, the judgment, and the file and events of the entire proceeding, including the sentences of codefendants, the Court finds and rules as follows.

Defendant Humberto Lozano Valdobinos originally was indicted on one count of conspiracy to distribute over one kilogram of heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846, and one count of distribution of heroin over one kilogram. Conviction of these charges would have triggered a 120-month mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(A). Pursuant to a plea agreement, however, Defendant ultimately pled guilty to distribution of heroin as charged in a superseding indictment (Dkt. No. 57), in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). The charge to which Defendant pled guilty carries a 60-month mandatory minimum sentence. 21 U.S.C. § 841(b)(1)(B). The base level for this offense is 32. A 3-point reduction adjustment was agreed to by the parties for acceptance of responsibility, resulting in a total offense level of 29.

Defendant's criminal history includes a 2000 misdemeanor assault (1 criminal history point) and a 2003 misdemeanor DUI/criminal attempt/driving (1 criminal history point). As a result, Defendant's criminal history guideline category would have been III. Defendant argued at his September 24, 2004 sentencing that his criminal history should be reduced to category I. This Court acknowledged that his criminal history was "overstated" at category III, but declined to reduce it to category I. Accordingly, the Court found that criminal history category II was appropriate. (Sentencing Transcript (Dkt. No. 130) 5). This determination resulted in a sentencing guideline range of 97 to 121 months. Category III would have resulted in a range of 108 to135 months, while the category I range is 87 to 108 months.

//
//
//
//

ORDER – 2

Probation recommended a sentence of 121 months; the Government recommended 108 months; and Defendant recommended 87 months (hoping for a reduction to category I). This Court imposed a period of confinement of 97 months and a period of supervised release of four years, finding the justification for the sentence as that set forth in the presentence report together with the category II criminal history category finding.

This Court is required to "impose a sentence sufficient, but not greater than necessary" to accomplish the following: (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (2) afford adequate deterrence to criminal conduct; (3) protect the public from further crimes of the defendant; and (4) provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a). In addition to the foregoing, § 3553(a) sets forth a number of other factors that the Court shall consider, including the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available and the sentencing range, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.* That the guidelines are but one of several factors after *Booker* does not mean that they are irrelevant. Further, a sentence may be entirely reasonable either within or outside the guideline range.

On the facts of this case, the Court finds that a sentence of 97 months is reasonable, as well as "sufficient, but not greater than necessary" to meet the dictates of § 3553. Defendant conspired to distribute over one kilogram of heroin, and his 97-month sentence is well below the 120-month mandatory minimum for conviction of such an offense. Further, during sentencing, the Court made an adjustment to Defendant's criminal history category to eliminate the disproportionate impact of a category III sentencing range. However, the Court declined to reduce Defendant's criminal history below category II, which maintained the minimum at 97 months. Upon review of the record in light of the factors set forth in § 3553, the Court finds that the sentence imposed would *not* have been materially different had the Court known at the time of Defendant's sentencing that the Sentencing Guidelines were

ORDER – 3

advisory and not mandatory.  Accordingly, Defendant's request for resentencing is DENIED.

SO ORDERED this 9thday of March, 2006.

*[signature: John C. Coughenour]*

John C. Coughenour

United States District Judge

ORDER – 4